CITY OF AKRON, APPELLEE, *v.* RAGSDALE, APPELLANT.

[Cite as Akron v. Ragsdale (1978), 61 Ohio App. 2d 107.]

(No. 8919—Decided November 22, 1978.)

*Mr. Peter Oldham,* prosecuting attorney, and *Mr. A. Bruce Lane,* for appellee.

*Mr. Robert J. Croyle,* for appellant.

VICTOR, J. On January 25, 1978, defendant Franklin Ragsdale, the appellant herein, was arrested and charged with felonious assault (R. C. 2903.11). After a preliminary hearing, the charge was dismissed and Ragsdale was charged with a lesser offense, aggravated menacing (R. C. 2903.21). A trial was thereafter had on this charge and Ragsdale was found guilty and sentenced.

In this appeal, Ragsdale challenges the conviction and maintains that the trial court committed prejudicial error:

"1. [By] refusing to accept plea negotiations between prosecutor and defense attorney to reduce the charge from aggravated menacing to disorderly conduct.

"2. [By] refusing to grant appellant's motion for a continuance to procure the presence of a witness."

The charge arose out of an incident in front of and inside of defendant's store on Copley Road in Akron. An unidentified pedestrian stopped two police officers and said that defendant had thrown snow on him and threatened him with a shovel. The officers approached defendant who was shoveling snow and inquired of him concerning the alleged incident.

Defendant advised the officers that they could talk to him inside the store if there were any further questions.

The officers entered the store and one of them began searching behind a counter. An argument ensued and defendant requested the officers to leave the property. The officers refused. Defendant walked to the rear of the store, picked up a shotgun and levelled it at one of the officers, whereupon both drew their revolvers. Defendant surrendered the shotgun and was arrested and charged with felonious assault, a felony. Prior to trial, defense counsel and the prosecutor entered into plea negotiations and on the day of the trial the prosecutor recommended that the charge be further reduced from aggravated menacing to disorderly conduct, a minor misdemeanor (R. C. 2917.11).

The prosecutor advised the court that, while both officers felt the original charge of felonious assault was proper, they would accept the prosecutor's recommendation of a further reduction to disorderly conduct. The prosecutor further stated that while he had a strong enough case to proceed on the aggravated menacing charge, nevertheless, because of appellant's good record, the confiscation of the weapon, the possible unfair prejudice because of defendant's brother's record, and the crowded condition of the court's docket, the recommendation ought to be accepted. The court then informed the prosecutor that its calendar was not overcrowded and a jury trial would present no problems. The court rejected the plea bargain and the case went to trial with the aforementioned results.

### Assignment of Error No. 1

No Ohio statute deals directly with the role of the court relating to plea negotiations. However, R. C. 2941.33 requires that a *nolle prosequi* be approved by the court. Crim. R. 48(A) which supersedes R. C. 2941.33 contains the same requirement. It has been held that an agreement between an accomplice and the state that the accomplice would be granted immunity if he testified for the state does not require a dismissal of the charges where the court refuses to affirm the bargain. *State* v. *Trocodaro* (1973), 36 Ohio App. 2d 1.

While the conscious exercise of selectivity in law enforcement by a prosecutor will not be abridged absent a constitu-

tional violation, *State* v. *Steurer* (1973), 37 Ohio App. 2d 51, it is apparent that once prosecution has been initiated the prosecutor does not have the same unbridled authority to terminate the proceedings. Defendant maintains that since "the prosecutor * * * is the absolute judge in determining whether a prosecution should first be initiated, [he is] at least presumptively, the best judge as to whether a plea should be accepted and the proceedings discontinued."

Plea bargaining is a recognized fact of life in today's criminal justice system. It is accepted and approved as a method of disposing of criminal cases. *State* v. *Griffey* (1972), 29 Ohio App. 2d 246, 250, reversed on other grounds 35 Ohio St. 2d 101. The A.B.A. Standards, Pleas of Guilty, Section 3.1 and 3.3 (approved draft, 1968) declare that a prosecuting attorney may engage in plea negotiations "where it appears that the interest of the public in the fair administration of criminal justice would be served."

We recognize the need and thereby approve of the prosecution entering into meaningful and good faith plea negotiations with defense counsel. Our query is, however, who shall be the final arbiter of what is in the best "interest of the public in the fair administration of criminal justice," the prosecutor or the court.

We agree with the defendant that *the prosecution's recommendations ought not to be summarily rejected and that the trial judge ought to exercise a sound discretion before refusing to accept or departing from such recommendations. Nevertheless, we believe the final judgment on whether a plea bargain shall be accepted must rest with the trial judge.* We recognize that such judgment may be exercised erroneously and the defendant has cited authority to that effect. See, *United States* v. *Ammidown* (C.A.D.C. 1974), 497 F. 2d 615; *United States* v. *Hastings* (E.D. Ark. 1977), 447 F. Supp. 534.

*When a recommended plea bargain is rejected, the court ought to state reasons for his rejection.* In some cases, however, the facts themselves speak so eloquently that no statement by the judge is required.

Here the defendant was originally charged with a felony, felonious assault, by reason of threatening law enforcement officers with a shotgun. Thereafter, the charge was reduced

to a misdemeanor, aggravated menancing. Finally, a reduction was recommended to disorderly conduct, a minor misdemeanor. No cogent reason exists why such a serious act should be dealt with so lightly. We believe that the trial judge acted within the bounds of reasonable discretion and in the public interest in rejecting the plea bargain.

We reject this assignment of error.

### Assignment of Error No. 2

Granting or denying a motion for a continuance is discretionary with the trial court. We find no abuse of that discretion here as the defendant had ample time to secure the attendance of the absent witness.

We overrule this assignment of error.

*Judgment affirmed.*

MAHONEY P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.