IN RE DISQUALIFICATION OF MITROVICH.

THE STATE OF OHIO *v.* LUNDGREN.

[Cite as *In re Disqualification of Mitrovich* (1990), 74 Ohio St.3d 1219.]

(No. 90–AP–067—Decided June 15, 1990.)

MOYER, C.J. The affidavit of disqualification herein was filed by Mark A. Ziccarelli, counsel for the defendant, Alice Elizabeth Lundgren, seeking the

disqualification of Judge Paul H. Mitrovich from further proceedings in the above-captioned case. Affiant also filed a supplemental memorandum and a reply to the response of Judge Mitrovich.

The affidavit is based upon statements allegedly made by Judge Mitrovich at an unrecorded pretrial conference on May 23, 1990, during which the judge indicated his intent not to accept a plea bargain agreed to by the prosecution and the defense. At a subsequent hearing on May 25, Judge Mitrovich formally rejected the plea bargain and denied defense counsel's request for a continuance of the June 4 trial date; on May 30, this affidavit to disqualify Judge Mitrovich was filed by defense counsel.

In essence, affiant alleges that statements made by Judge Mitrovich during discussions concerning the plea bargain, and his subsequent refusal to accept the plea bargain, suggest a predetermined state of mind and prejudice toward the defendant.

In his response, Judge Mitrovich denied any bias or prejudice, stated that he has been misquoted and his statements taken out of context, and reiterated his intention to continue to conduct these proceedings in a manner fair to all concerned.

Judge Mitrovich also correctly indicated that the acceptance or rejection of a plea bargain is within the sound discretion of the trial judge:

"We agree * * * that *the prosecution's recommendations ought not to be summarily rejected and that the trial judge ought to exercise a sound discretion before refusing to accept or departing from such recommendations. Nevertheless, we believe the final judgment on whether a plea bargain shall be accepted must rest with the trial judge.*" (Emphasis *sic.*) *Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 109, 15 O.O.3d 107, 108, 399 N.E.2d 119, 120.

A transcript of the May 25 pretrial hearing at which the plea bargain was rejected was submitted by Judge Mitrovich and has been carefully reviewed. In that hearing, Judge Mitrovich explained to counsel his reasons for rejecting the plea bargain. Whether the refusal to accept the plea bargain constitutes an abuse of discretion is a legal issue subject to appeal and is not grounds to sustain an affidavit of disqualification.

My review of all matters submitted in support of and in opposition to the affidavit, and of the applicable law, leads me to conclude that there is insufficient evidence to support a finding of bias, prejudice, or interest on the part of Judge Mitrovich.

For the foregoing reasons, the affidavit of disqualification is found not well taken and is hereby denied. The cause shall continue before Judge Mitrovich.