OPINION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of the Lucas County Court of Common Pleas. There, appellant was sentenced on four criminal offenses to consecutive prison terms, instead of concurrent terms as recommended by the prosecutor. Because appellant was aware that the trial court was not bound by the prosecutor's recommendation and was free to impose consecutive terms, we affirm.
On September 16, 1997, Toledo police pursued appellant, Gordon Walker, driving a stolen pickup truck. Appellant did not stop and was arrested after he crashed the vehicle into a house.
On September 25, 1997, appellant was indicted on five counts arising from that incident. The five-count indictment was assigned Case No. CR97-2881. Those five counts were: 1) felonious assault on a police officer, a first degree felony and a violation of R.C. 2903.11(A)(2); (2) receiving stolen property, a fourth degree felony and a violation of R.C. 2913.51; (3) possessing criminal tools, a fifth degree felony and a violation of R.C.2923.24; (4) failing to respond to the signal of a police officer, a fourth degree felony and a violation of R.C. 2921.331(B) and (C)(1); and (5) possessing heroin, a fifth degree felony and a violation of R.C. 2925.11(A) and (C)(6)(a).
An earlier indictment, assigned Case No. CR97-2849, was still pending against appellant when he was indicted in Case No. CR97-2881. In the earlier indictment, appellant was accused of grand theft of a motor vehicle, a fourth degree felony and a violation of R.C. 2913.02(A)(1).
Ultimately, appellant's counsel negotiated a plea bargain. In Case No. CR97-2849, appellant agreed to enter a no contest plea to a reduced charge of attempted grand theft of a motor vehicle, a fifth degree felony. In the later case, Case No. CR97-2881, the prosecutor agreed to reduce the first count from felonious assault on a police officer, a first degree felony, to attempted felonious assault, a third degree felony. Further, appellee agreed to enter a nolle prosequi on Count 3, possessing criminal tools. In turn, appellant agreed to enter a no contest plea to Count 1, as amended, and Counts 2, 4, and 5, as charged in the indictment. More importantly, the prosecutor agreed to recommend that the trial court impose concurrent sentences on the four counts in Case No. CR97-2881.
Before appellant entered his no contest pleas in both cases, the prosecutor stated in open court that:
 "[T]he State would * * * accept a no contest plea to the amended count of the indictment of 97-2849, being attempted grand theft motor vehicle, a felony of the fifth degree, along with a plea of no contest to the amended Count 1 in CR97-2881, as well as a no contest plea to Count 2, 4, and 5 of the same indictment. Count 3 being nolled at the time of sentencing.
 "The State's recommendation for CR97-2881 would be that the pleas to all four of those counts that defendant would be entering a plea to be run concurrently at the time of sentencing, though. At this time stating that the State cannot guarantee that the Court would follow that, but we are making recommendation of concurrent sentencing in that indictment only."
After the trial court confirmed that appellant's understanding of the agreement was in accord with the state's representation, the prosecutor stated:
 "[T]he State's recommendation in 97-2881 is going to be for concurrent sentencing. However, I know that is not binding on the Court, and I just bring that up so that if you have to explain that that you remember to do so."
The trial court then meticulously advised appellant of his rights and informed him of the potential penalties for each count in each case. The trial court specifically advised appellant that the maximum prison penalty for all four counts in Case No. CR97-2881 could be a term of nine years. Although the trial court did not explicitly inform appellant that it was not bound by appellee's sentencing recommendation made pursuant to the negotiated plea bargain, the trial court did caution appellant as follows:
 "Do you also understand that as regards each of these two cases and the multiple counts in 2881, that the Court could order that those sentences be imposed consecutively, one to the other; do you understand that?"
 The prosecutor then recited the facts underlying all the offenses in both cases, and appellant signed a written plea agreement. On the written form for the no contest pleas to the four charges in Case No. CR97-2281, the following language appeared:
 "No promises have been made except as part of this plea agreement, stated entirely as follows: State of Ohio is recommending concurrent sentences."
After finding appellant guilty, the trial court referred appellant to the probation department for a presentence investigation report. On January 5, 1998, appellant appeared before the trial court for sentencing. After appellant's counsel spoke in mitigation, the trial court asked the prosecutor for comments. The prosecutor replied:
 "Your Honor, just that when the original plea negotiation was entered, the State did agree that 97-2849 would be run concurrent with 97-2881, and that if Mr. Walker were to be released at some point down the way or community control was placed on him at some point, that restitution be a portion of that requirement. Other than that, the State has nothing to add."
Neither appellant nor his attorney objected to the statement.
After noting that it had considered the record, oral statements, and presentence investigation report (including a record of a total of forty-eight felony and misdemeanor convictions), the trial court sentenced appellant to serve eleven months for the conviction in the earlier case, Case No. CR97-2849, for attempted grand theft of a motor vehicle. The trial court ordered appellant to serve that prison term concurrently with the following sentences it imposed for the four offenses in Case No. 97-2881:
Count 1 Felonious Assault 48 months
Count 2 Receiving stolen property 17 months
Count 3 Nolle prosequi
 Count 4 Failure to comply with signal of police officer 17 months
Count 5 Possession of heroin 11 months
Total 93 months
However, the trial court then ordered appellant to serve consecutively the sentences for each of the four offenses in Case No. 97-2881, for a total of seven years and seven months (ninety-three months) in prison. Had appellant been sentenced concurrently in Case No. CR-97-2881, his total term of incarceration would have been four years (forty-eight months).
Appellant now appeals, setting forth the following three assignments of error:
 "I. THE STATE'S BREACH OF THE PLEA AGREEMENT ENTERED INTO BETWEEN THE APPELLANT AND THE PROSECUTOR RENDERS THAT PLEA INVOLUNTARY AND ITS ACCEPTANCE PLAIN ERROR.
 "II. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONALLY GUARANTEED RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S DEFICIENT PERFORMANCE AT SENTENCING.
 "III. APPELLANT IS ENTITLED TO SPECIFICALLY ENFORCE THE PLEA AGREEMENT."
 I.
We will address appellant's first and third assignments of error together. In his first assignment of error, appellant claims that his no contest pleas were not voluntary because they were induced by a plea agreement which the state later breached. In his third assignment of error, appellant argues that specific enforcement is the remedy for such a breach of a plea agreement.
The United States Supreme Court has determined that the overriding concern in enforcing plea bargain agreements are "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas." Santobello v. New York (1971), 404 U.S. 257, 263. "Following Santobello, Ohio courts adopted the rule that when a valid plea agreement is breached by the state, the trial court, within its sound discretion, may either allow the negotiated plea to be withdrawn, or may require the state to fulfill its end of the bargain." State v. Ford (Feb. 18, 1998), Lawrence App. No. 97 CA 32, unreported (citations omitted).
In this case, our review of the record reveals that the state fulfilled the terms of the plea agreement. In addition, the written plea agreement in Case No. CR-97-2881 stated that the prosecutor was recommending concurrent sentences. Further, the prosecutor cautioned, in appellant's presence, that he understood that the court was not bound by its recommendation.
We note that it would have been preferable for the state to repeat, at the time of sentencing, the recommendation it made at the time of the plea that the trial court impose sentence for the four offenses in Case No. CR97-2881 concurrently. But that failure was not a breach of the plea agreement, since the state fulfilled its part of the bargain when it recommended at the plea hearing that the sentences in Case No. CR97-2881 should be served concurrently. See State v. Barnhart (Aug. 26, 1998), Mahoning App. No. 94 CA 192, unreported. Moreover, the trial court indicated at the time of sentencing that it had reviewed the record, which would have included the written plea form and the prosecutor's recommendation.
Finally, even if the prosecutor or appellant had reminded the trial court of the terms of the plea agreement at the time of sentencing, the trial court was not required to accept the prosecutor's sentencing recommendation negotiated as part of the plea agreement. Akron v. Ragsdale (1978), 61 Ohio App.2d 107,109. Unquestionably, it would have been better practice for the trial court to have (1) specifically informed appellant it was not bound by the sentencing agreement; and (2) to specifically state its reasons for rejecting the plea agreement.State v. Darmour (1987), 38 Ohio App.3d 160, syllabus; Akron v.Ragsdale, 61 Ohio App.2d at 109.
While the trial court did not specifically tell appellant it was not bound by the terms of the plea agreement at the time of taking the plea, the trial court clearly informed appellant that it could impose the sentences consecutively. This, when combined with the prosecutor's efforts to state for the record that the trial court was not bound by its sentencing recommendation, established that appellant voluntarily entered his no contest pleas knowing that consecutive sentences could be imposed despite the prosecutor's recommendation to the contrary.
Further, even though a trial court should state its reasons for rejecting a plea bargain, sometimes "the facts speak so eloquently that no statement of the judge is required." Akronv. Ragsdale, 61 Ohio App.2d at 109. At the time of sentencing the trial court emphasized its concerns that appellant had been convicted of thirty-seven misdemeanor and eleven felony offenses. The trial court also noted that appellant was under community control when the offenses were committed. Criminal history and committing an offense while under the supervision of the criminal justice system are both factors listed in R.C. 2929.14(E)(3) as reasons to impose consecutive sentences.
Accordingly, appellant's first and third assignments of error are found not well-taken.
 II.
In his second assignment of error, appellant contends that his attorney was ineffective for two reasons. First, appellant claims his attorney should have objected to the prosecutor's breach of the plea agreement. Second, appellant contends his attorney erroneously advised him about the length of sentence the trial court would impose.
In Ohio, a properly licensed attorney is presumed competent, and the burden is on appellant to show counsel's ineffectiveness. State v. Cox (Mar. 21, 1997), Ottawa App. No. OT-96-048, unreported, citing State v. Lytle (1976), 48 Ohio St.2d 391; State v. Hamblin (1988), 37 Ohio St.3d 153. To meet that burden, appellant must demonstrate that his trial counsel was deficient and that he was prejudiced by trial counsel's performance. Id. citing Strickland v. Washington (1984),466 U.S. 668, 687.
In light of our discussion regarding appellant's first assignment of error, we conclude that appellant's counsel was not deficient by failing to object to a breach of the plea agreement where there was none. Furthermore, appellant has not demonstrated that even if his attorney had, at sentencing, clarified the agreement or objected to the prosecutor's statements, the trial court would have sentenced him differently. Consequently, appellant has not demonstrated prejudice.
Regarding appellant's additional claim that his attorney gave him erroneous advice, we note that appellant's discussions with his attorney are not part of the record before us. An appellate court can only review claims of error which are based on facts which appear in the record and not on facts as alleged in an appellate brief. Celestino v. Schneider (1992), 84 Ohio App.3d 192,197.
Accordingly, appellant's second assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., JUDGE
James R. Sherck, J., JUDGE
Richard W. Knepper, J., JUDGE
CONCUR.