JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In five assignments of error, defendant-appellant Gregory C. Trifilio challenges his conviction, following a trial to a jury, on one count of domestic violence, in violation of R.C.2919.25(A). The charge arose from a 911 call made by the victim claiming that she had been raped by her live-in boyfriend, Trifilio. He admitted having sexual relations with her, during which he claimed he struck her at her request.
In his first two assignments of error, Trifilio challenges the weight and the sufficiency of the evidence adduced to support his conviction. Our review of the entire record fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546-547. Moreover, the record reflects substantial, credible evidence from which the court could have reasonably concluded that all elements of domestic violence, including that Trifilio was a household member, were proven beyond a reasonable doubt. State v. Waddy
(1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338. The first and second assignments of error are overruled.
Trifilio next asserts that, in two instances, the state failed to comply with his Crim.R. 16(B) demand for discovery of evidence, and with the trial court's scheduling entry that required disclosure of trial exhibits no later than two days before trial.
During its case-in-chief, the state introduced properly disclosed photographs showing the extent of the victim's injuries. These photographs were taken several days after the offense. During cross-examination, the investigating police officer acknowledged that he had taken other photographs of the victim at the scene on the night of the offense. Despite Trifilio's timely filed discovery demand, these photographs remained in the officer's file at district headquarters. Trifilio now argues that the photographs, taken immediately after the offense, could have shown that the victim did not then have visible marks of struggle and thus raised reasonable doubt concerning whether Trifilio had caused physical harm to the victim — an element of the state's case.
The state's failure to provide discovery, however, will not amount to reversible error unless there is a showing that its failure to disclose was a willful violation of Crim.R. 16, that foreknowledge of the evidence would have benefited the accused in the preparation of his defense, and that the accused was unfairly prejudiced. See State v. Parson (1983), 6 Ohio St.3d 442,453 N.E.2d 689, syllabus; see, also, State v. Scudder (1994),71 Ohio St.3d 263, 268-269, 643 N.E.2d 524, 529-530.
Here, the record reveals that Trifilio did not take any action after learning of the photographs. Absent a demand that the photographs be produced, or a request for a continuance or a motion for mistrial, any error that may have resulted from the failure to disclose the photographs must be examined under the plain-error standard. See Crim.R. 52(B). Assuming, for argument, the willfulness of the failure to disclose, in light of the investigating officer's testimony that the victim had marks on her neck, face, and torso, and was bleeding from her groin or buttocks when he arrived in response to her 911 call, we cannot say that, even with foreknowledge of the photographs, the outcome of the trial would clearly have been otherwise. See State v. Long
(1978), 53 Ohio St.2d 91, 97, 372 N.E.2d 804, 808.
Next, Trifilio contests the use of numerous personal items, belonging to him and taken from the victim's dwelling, during the recall examination of the victim. The items were employed to bolster the state's contention, called into question by the vigorous cross-examination of the victim, that Trifilio was a family or household member — another element of the state's proof. None of the items were disclosed to Trifilio in advance: a willful violation of the criminal rule and the court's order. Here, however, Trifilio's trial counsel did seek a sidebar conference over the use of the undisclosed evidence. He acceded to the use of the evidence for a limited demonstrative purpose. The items were not admitted into evidence. As the trial court was not asked to exclude the evidence, and Trifilio did not seek a continuance to deal with the undisclosed evidence, as a matter of law, no prejudice resulted from the state's use of the personal items. See State v. Lang (1995), 102 Ohio App.3d 243, 253,656 N.E.2d 1358, 1364. The third assignment of error is overruled.
Trifilio's fourth assignment of error, in which he claims that his trial counsel was ineffective for failing to object or otherwise to prevent the use of the undisclosed photographs and personal effects, is overruled. After reviewing all the proceedings in the trial court, including the vigorous cross-examination of the victim that highlighted inconsistencies in her testimony and trial counsel's protests at sidebar that resulted in the limiting instruction on the use of the personal items, we are not persuaded that there was any deprivation of a substantive or procedural right that rendered the trial fundamentally unfair. See Lockhart v. Fretwell (1993),506 U.S. 364, 113 S.Ct. 838; see, also, Strickland v. Washington (1984),466 U.S. 668, 694, 104 S.Ct. 2052, 2068.
In his final assignment of error, Trifilio claims the trial court erred by failing to accept a plea bargain, with an agreed sentence, offered by the parties on the morning of trial. It is well established that a trial court is not obligated to accept every negotiated plea agreement presented to it. The decision whether to accept or to reject a plea bargain rests within the sound discretion of the trial court. In re Disqualification ofMitrovich (1990), 74 Ohio St.3d 1219, 657 N.E.2d 1333. The trial court identified on the record, as Trifilio admits, that to ensure an orderly calendar, its well-known policy was to entertain plea negotiations at pretrial conferences and not to discuss sentencing matters on the day of trial. As the court identified a sound reason for rejecting the plea arrangement, we will not disturb its decision. The fifth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ____________ Gorman, P.J.
Sundermann and Winkler, JJ.