OPINION
Defendant-appellant, David Pettiford, appeals the sentence imposed by the Fayette County Court of Common Pleas following his guilty plea to one count of possession of crack cocaine, a violation of R.C. 2925.11(A). We affirm the judgment of the trial court.
Appellant was indicted on one count of possession of crack cocaine, a second-degree felony, and on two misdemeanor counts, possession of criminal tools and possession of drug paraphernalia. Pursuant to a negotiated plea agreement, appellant pled guilty to the second-degree felony count of possession of crack cocaine, and the state dismissed the two misdemeanor charges. The state further recommended to the trial court that appellant receive a two-year prison sentence, the minimum term. The trial court found that the imposition of a minimum sentence would not adequately protect the public from future crime by appellant, and sentenced him to a five-year prison term, a sentence greater than the minimum, but less than the maximum prison term allowed. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT BY ITS CONSIDERATION OF IMPROPER FACTORS AND ITS SUBSTANTIAL DISREGARD OF THE SENTENCING PRINCIPLES ENUMERATED IN THE OHIO REVISED CODE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN REFUSING TO FOLLOW THE STATE'S SENTENCING RECOMMENDATION MADE A PART OF A PLEA AGREEMENT ACCEPTED BY THE COURT AND THE PARTIES.
Because appellant makes related arguments in the assignments of error, we will address them together.
A reviewing court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C.2953.08(F)(1) through (3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
Appellant first contends that the trial court erred by considering "an unindicted, uncharged act which is not of record in sentencing a defendant." Appellant contends that the trial court erroneously found, and considered when sentencing appellant, that his conduct was part of "an organized criminal activity."
The basis for this conclusion is found in the presentence investigative report, which is part of the sentencing record. See State v. Pruhs
(Nov. 21, 2001), Clermont App. No. CA2001-03-037, unreported. The report indicates that officers searching appellant's residence pursuant to a search warrant, in addition to finding marijuana and more than fourteen grams of crack cocaine, found $1,865.73 in cash, a pager, scales, baggies, white capsules, rolling papers and hemostats. Although appellant was not charged with any crimes relating to his participation in an "organized criminal activity," the finding made by the trial court is supported by the presentence investigative report. As the report is part of the sentencing record, the trial court did not err by considering this evidence.
Appellant next contends that the record does not support the imposition of a sentence which exceeds the minimum statutory sentence.
Appellant pled guilty to a second-degree felony. Appropriately, the trial court found that this created a presumption in favor of a prison sentence pursuant to R.C. 2929.13(D). The trial court further found that the two-year minimum prison term would not adequately protect the public from future crime by appellant, and sentenced appellant to a five year prison term.
When a court imposes a prison term greater than the minimum, it does not need to specify its underlying reasons on the record. State v.Edmonson (1999), 86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum.
In the present case, the trial court specifically found in its judgment entry sentencing appellant that "the shortest prison term will not adequately protect the public from future crime by the defendant[.]" The trial court made the same finding on the record at the sentencing hearing and, although not required to do so, provided supporting reasons underlying its decision: Appellant's actions were part of an organized criminal activity. He has prior convictions for drug trafficking and violent crimes. He failed to demonstrate any remorse for his crime, and failed to appear for interviews with the probation department.
Upon review of the record, we find that the trial court's decision to sentence appellant to a term greater than the minimum prison term is supported by the record and is not contrary to law.
Lastly, in both his first and second assignments of error, appellant contends that the trial court erred by imposing a sentence greater than that which the state recommended as part of the negotiated plea. Appellant contends that the trial court should be bound by the recommendation made by the state as part of the negotiated plea agreement.
Crim.R. 11(F) mandates that a felony plea agreement must be read into the record. When accepting a plea implicates constitutional rights, the trial court's acceptance of the plea will be affirmed so long as the trial court substantially complied with the requirements of Crim.R. 11 and engaged in a meaningful dialogue with the defendant which explained the defendant's constitutional rights "in a manner reasonably intelligible to that defendant." State v. Ballard (1981),66 Ohio St.2d 473, paragraph two of the syllabus; State v.Anderson
(1995), 108 Ohio App.3d 5, 9, appeal dismissed (1996), 75 Ohio St.3d 1494. When nonconstitutional rights given by Crim.R. 11 are implicated in the acceptance of a plea, the trial court will be affirmed so long as the court substantially complied with the requirements of Crim.R. 11 and the defendant subjectively understood the implications of his plea and the nature of the nonconstitutional rights he was waiving. State v. Nero
(1990), 56 Ohio St.3d 106, 108.
A review of the transcript of the sentencing hearing reveals that the plea agreement was read into the record. The record clearly demonstrates that the agreement before the court was that appellant would plead guilty to the count of possession of crack cocaine, and that the state would dismiss the remaining two misdemeanor counts and recommend that a two year prison term be imposed. Thus, the trial court substantially complied with the requirements of Crim.R. 11. However, appellant argues that the trial court committed reversible error by failing to adhere to the plea agreement by sentencing him more severely than recommended by the state.
It is well-settled that the terms of a plea agreement do not bind the discretion of the trial court. In re Disqualification of Mitrovich
(1990), 74 Ohio St.3d 1219, 1220; State v. Elliott (1993),86 Ohio App.3d 792, 797. In particular, Crim.R. 11 "does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court." State v. Mathews (1982), 8 Ohio App.3d 145, 146; see, also, State v. Jewell (Jan. 24, 1995), Meigs App. Nos. 94-CA-04 and 94-CA-05, unreported. While a trial court should not completely disregard the sentence recommended by the prosecutor, it does not err by imposing a sentence greater that that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor. See State v. Darmour
(1987), 38 Ohio App.3d 160 . Final judgment on acceptance of a plea agreement and sentencing rests with the discretion of the trial court.State v. McKinney (Feb. 8, 1999), Clinton App. No. CA98-02-008, unreported, citing State v. Acoff (1992), 80 Ohio App.3d 765, 767; Akronv. Ragsdale (1978), 61 Ohio App.2d 107, 109.
In the present case, the plea agreement was read into the record. The trial court informed appellant of the possible penalties which could be imposed. The trial court specifically forewarned appellant that, although the state recommended a two-year sentence, "[t]he court may or may not follow that recommendation." When asked if he understood, appellant responded, "Yes." The trial court was not bound by the prosecutor's recommendation of a two-year sentence, and we do not find that the trial court erred by imposing the more severe sentence. Appellant's first and second assignments of error are overruled.
Judgment affirmed.
POWELL and VALEN, JJ., concur.