OPINION
{¶ 1} This appeal is brought by John C. Kitzler from the judgment of the Court of Common Pleas, Wyandot County, imposing a five-year prison term with credit for time served for the appellant's conviction of Felony Driving While Under the Influence of Alcohol and/or Drugs of Abuse, a violation of R.C. 4511.19(A)(1), a felony of the third degree. For the reasons set forth in the following opinion, we affirm the trial court's decision.
{¶ 2} The facts leading to this appeal are as follows. On August 20, 2001, Appellant John C. Kitzler was arrested for driving while under the influence of alcohol and/or drugs of abuse, a violation of R.C.4511.19(A)(1). At the time of his arrest, Appellant had one previous conviction of Felony Driving While Under the Influence of Alcohol and/or Drugs of Abuse and had previously been charged with and/or convicted of over fifteen alcohol or drug related motor vehicle violations, one of which resulted in his incarceration.
{¶ 3} On March 1, 2002, Appellant plead guilty to the current offense in exchange for the State's promise to recommend that he serve three years in prison and be eligible for judicial release after serving two years of that term. In conjunction with entering his plea, Appellant signed a four-page document in which his rights pursuant to Crim.R.11 were explained in great detail. The document included an affirmation that "defendant fully understands that the court is not bound by sentence recommendations and may impose the maximum sentence." The trial court accepted Appellant's plea and thereafter suspended sentencing until which time a presentence investigation report could be compiled.
{¶ 4} The matter came before the trial court for sentencing on April 5, 2002 and in compliance with the plea agreement, the State recommended a three-year sentence with the possibility for judicial release after two years. After hearing statements in mitigation from defense counsel and Appellant, the trial court rejected the State's recommendation and ordered that Appellant serve the maximum sentence for his offense; five years incarceration with credit for time served. It is from this order that Appellant now appeals.
{¶ 5} Appellant raises the following assignments of error:
 {¶ 6} "The trial court abused its discretion by imposing a sentence in excess of that set forth in the plea agreement."
 {¶ 7} "Defendant's trial counsel did not provide effective representation because his attorney failed to file pretrial motions to suppress."
 First Assignment of Error
{¶ 8} In his first assignment of error Apellant argues that the trial court committed reversible error to his prejudice when it rejected the State's sentence recommendation. We do not find merit in Appellant's argument.
{¶ 9} An appellate court is to review the propriety of a trial court's felony sentencing decisions and substitute its judgment only upon finding clear and convincing evidence that, in relevant part, the record does not support the sentencing court's findings or is otherwise contrary to law. State v. Martin (1999), 136 Ohio App.3d 355, 361, 736 N.E.2d 907. It is well-established law that a trial court is not bound to accept a sentence recommendation proffered by the prosecution. See Akron v.Ragsdale (1978), 61 Ohio App.2d 107, 109, 399 N.E.2d 119; State v.Herrera (Dec. 20, 2001), Allen App. No. 1-01-126, 2001-Ohio-2341; Statev. Walker (May 7, 1999), Lucas App. No. L-98-1210; State v. Griggs (Feb. 8, 1996), Cuyahoga App. No. 67944. Accordingly, when a defendant enters a guilty plea with the understanding that the prosecution will recommend a certain sentence, that the sentenced imposed is not what the defendant hoped or believed it would be affords no basis for the defendant to repudiate his own acts and agreements. State v. Cox (Oct. 23, 1990), Ross App. No. 1626.
{¶ 10} Here, Appellant does not assert that he was unaware of the law and indeed concedes that the plea agreement contained language establishing that the trial court was not bound by any sentence recommendation. Nevertheless, Appellant argues that he believed that the court would take the State's recommendation. Appellant's decision to believe something contrary to the information in front of him, no matter how misplaced, does not constitute reversible error. Appellant cites no law in support of his argument and thus, we do not find that the trial court acted contrary to law when it imposed the maximum sentence. Appellant's first assignment of error is overruled.
 Second Assignment of Error
{¶ 11} In his second assignment of error Appellant claims to have been denied effective assistance of counsel based on his trial counsel's decision to not file a motion to suppress. Again, we do not find Appellant's argument to be meritorious.
{¶ 12} A guilty plea constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." State v.Barnett (1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101, quoting UnitedState v. Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757. A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Id, citingMenna v. New York (1975), 423 U.S. 61, 96 S.Ct. 241. Therefore, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Jackson (April 7, 1999), Allen App. No. 1-98-78; State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658.
{¶ 13} Here, it is clear that by entering a guilty plea, Appellant waived his right to claim that he was prejudiced by constitutionally ineffective counsel, except to the extent that his counsel caused the plea to be less than knowing and voluntary. State v. Barnett (1991),73 Ohio App.3d at 249. Appellant does not assert anything close to such an argument. Appellant's second assignment of error is therefore overruled.
{¶ 14} For the reasons stated it is the order of this court that the judgment of the Court of Common Pleas, Wyandot County is hereby affirmed.
Judgment affirmed.
 SHAW, P.J. and WALTERS, J., concur.