The STATE of Ohio, Appellee,

v.

GEORGAKOPOULOS, Appellant.

[Cite as *State v. Georgakopoulos,* 152 Ohio App.3d 288, 2003-Ohio-1531.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81729.

Decided March 27, 2003.

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for plaintiff-appellee.

Emershaw, Mushkat & Schneier and Frank M. Pignatelli, for defendant-appellant.

---

KENNETH A. ROCCO, Administrative Judge.

{¶ 1} Defendant-appellant Sotorios Georgakopoulos appeals from the sentence imposed upon him after he entered a guilty plea to 25 criminal counts that included engaging in a pattern of corrupt activity, operating a gambling house, and money laundering.

{¶ 2} Appellant asserts that his sentence is improper, arguing that the trial court failed to follow that part of the plea agreement that had been reached by the parties, and also failed to make the appropriate statutory findings before imposing upon him a term longer than the minimum one available for a first-time offender.

{¶ 3} Since, however, appellant's arguments find no support in the record, his sentence is affirmed.

{¶ 4} Appellant's sentence results from his original indictment on 107 counts. The first count alleged that appellant had violated R.C. 2923.32, engaging in a pattern of corrupt activity. The remaining counts detailed the alleged pattern of that corrupt activity: appellant and three of his family members conducted a criminal enterprise over a period of a year and a half that consisted of committing the following offenses: 21 counts of theft of money in amounts between $5,000 and $100,000, R.C. 2913.02; 21 counts of gambling, R.C. 2915.02; 21 counts of operating a gambling house, R.C. 2915.03; 42 counts of money laundering, R.C. 1315.55; and one count of possessing criminal tools, R.C. 2923.24.

{¶ 5} Following the period of discovery, the parties negotiated a plea agreement. The prosecutor outlined its terms for the trial court at appellant's plea hearing: in exchange for appellant's plea of guilty to the first count, which was a first-degree felony, along with 24 of the others, the state would dismiss the remaining counts and also would recommend imposition of a sentence of the minimum amount of incarceration for the most serious offense, i.e., a total of only three years.

{¶ 6} The prosecutor proceeded to outline the potential penalties involved with regard to the offenses to which appellant would plead guilty. As to engaging in a pattern of corrupt activity, the length of incarceration ranged from the minimum three to the maximum ten years. As to the three counts of money-laundering, third-degree felonies, the length of incarceration ranged from one to five years. As to the 21 counts of operating a gambling house, all misdemeanors, appellant could be jailed for up to six months.

{¶ 7} The prosecutor reiterated, however, that as a part of the plea agreement, "at the time of sentencing * * * [t]he State would recommend that the minimum sentence be imposed on Count one [and the third-degree felony] Counts, and the minimum sentence be concurrent." In response to the trial court's subsequent query, both defense counsel and appellant acknowledged that the prosecutor accurately had set forth the "understanding" that they all had reached.

{¶ 8} The trial court thereupon conducted a model colloquy with appellant in strict compliance with Crim. R. 11. During this exchange, appellant indicated

that no "promises" had been made to him with regard to the change in his plea, he understood the rights he was relinquishing, and he was aware of the potential penalties involved.

{¶ 9} The trial court specifically asked appellant whether he understood that if sentenced "to the maximum term allowable by law," he faced "a total possible period of 25 years in prison." Appellant responded, "Yes." Appellant further indicated his understanding that, alternatively, the trial court had the authority to impose the terms concurrently rather than consecutively. Finally, the trial court asked appellant, "Do you understand there is no promise of a particular sentence?" Again, appellant answered, "Yes."

{¶ 10} Appellant at that time entered his plea of guilty to the 25 counts as agreed, which the trial court accepted. After noting that it had "been advised there [was] a recommended sentence," the trial court scheduled appellant's sentencing hearing.

{¶ 11} The hearing took place four days later. At its outset, the trial court remarked that "the Defendant and the State ha[d] made a recommendation" to it regarding sentence, but reminded the parties that it was "not bound by the recommendations," but would "consider" that fact.

{¶ 12} Defense counsel proceeded to address the court. He offered reasons for the trial court to accept the recommendation, in part by asserting that appellant lacked a "prior record" and that the other family members also were culpable in the criminal enterprise. Counsel concluded by stating his "hope" that the suggested sentence "would be prevailing upon the Court."

{¶ 13} The trial court then invited the prosecutor to place upon the record the police investigation of the case. According to his account, the detectives discovered that appellant had been "running Las Vegas nights" at local meeting halls which had been advertised as events given on behalf of many different charities; however, the charities appellant listed either eventually became defunct, or remained unaware of the use of their names, or received only a small fraction of the money appellant collected. Appellant's enterprise, on the other hand, had deposited into its bank account over a million dollars; while appellant paid his "workers" some cash, the detectives had been unable to "find" a large portion of the money he had obtained through the criminal activities. The prosecutor indicated that appellant's operation "hurt" legitimate charities and those people they served.

{¶ 14} During his address to the court, defense counsel indicated that appellant had accepted responsibility for his actions, and reminded the court that the state and the detectives had agreed with the recommended sentence. Neverthe-

less, in sentencing appellant, the trial court addressed him with the following observations:

{¶ 15} "I do believe that a minimum sentence, which was recommended to the Court, is inappropriate for the crime you committed.

{¶ 16} "Clearly this was organized criminal activity.

{¶ 17} "Mr. Georgakopoulos, you are a financial predator. There is no other way to describe you, except to say that you preyed upon people. You are a greedy man. You are a thief.

{¶ 18} "You are someone who used your wit and cleaverness [sic] to steal a great deal of money from people.

{¶ 19} "This is a state where * * * [s]omeone who steals from a store goes to prison from two years to five years as a minimum sentence.

{¶ 20} "So three years, I think, is outrageous. You have personally profited.

{¶ 21} "And I'm guessing that you used illegal property through a business to pay your bond, which I believe was $100,000.

{¶ 22} "You had no other activity, as far as employment, other than this.

{¶ 23} "Clearly, for these reasons, the Court believes that the minimum sentence of three years is improper. It does not adequately punish you and does not certainly protect the citizens of the State of Ohio from your predator [sic] nature."

{¶ 24} The trial court thereupon ordered appellant to serve concurrent sentences as follows: six years on count one, three years on each of the counts of money laundering, and six months on each of the counts of operating a gambling house.

{¶ 25} Appellant's appeal from the foregoing order of sentence presents this court with two assignments of error, which state:

{¶ 26} "The trial court, after agreeing to accept a negotiated plea bargain, erred by not following the negotiated plea at sentencing.

{¶ 27} "The sentencing court errer [sic] when it sentenced the defendant to six years instead of the statutory minimum three years without any findings consistent with R.C. 2929.14(B)."

{¶ 28} Appellant argues that the sentence he received was improper. He bases his argument on two contentions.

{¶ 29} Initially, he contends that the trial court "breached the plea agreement"; appellant makes this contention without having filed any motions to

withdraw his plea. Second, appellant contends that the trial court failed to comply with statutory requirements in imposing sentence. This court disagrees.

{¶ 30} Appellant acknowledges that the trial court ordinarily is vested with discretion in implementing plea agreements. *Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 15 O.O.3d 107, 399 N.E.2d 119. He claims that that principle is inapplicable in this case because the trial court became a party to the agreement in that it "represented" that it would sentence him consistently with the agreement, and then "engaged in ex parte communications with the prosecution regarding its decision."

{¶ 31} Appellant, however, presents nothing to support this serious claim; moreover, nothing in the record suggests the truth of this serious claim. The record instead demonstrates that the trial court informed appellant several times prior to accepting his plea that in imposing sentence it neither could nor would be bound by the agreement reached by the parties, and, further, appellant fully understood the court's cautionary statements. Under these circumstances, appellant's first assignment of error remains unfounded. *State v. Darmour* (1987), 38 Ohio App.3d 160, 529 N.E.2d 208.

{¶ 32} Appellant's second contention similarly lacks merit. He claims that as an offender who previously had not served a prison sentence, he did not deserve a term longer than the minimum allowable for the most serious offense. Appellant, however, presents nothing to support his claim that he is such an offender; since he did not request the preparation of a presentence report prior to the conclusion of his plea hearing, he cannot now assert that the trial court committed any error in failing to order one. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364.

{¶ 33} In any case, assuming that appellant is correct about his status, his claim remains unpersuasive. Although he additionally asserts that the trial court made neither of the necessary statutory findings to justify imposing a total term of six years, appellant points only to the judgment entry of sentence. The transcript of appellant's sentencing hearing, however, demonstrates that the trial court deviated from the minimum because it specifically found "both of the two statutorily-sanctioned reasons" warranted that decision. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.

{¶ 34} In accordance with R.C. 2929.14(B), the trial court stated that in appellant's case, the shortest prison term would not adequately protect the public from his financially predatory nature. The court added that a term of only three years also would not adequately punish him for the organized and venal nature of the crimes he had committed, thus clearly implying that such a term would

demean the seriousness of his conduct. See, e.g., *State v. Maynard* (Mar. 16, 2000), Cuyahoga App. No. 75722, 2000 WL 283076.

{¶ 35} For the foregoing reasons, the trial court committed no error in pronouncing sentence in this case. Appellant's assignments of error, therefore, are overruled.

{¶ 36} Appellant's convictions and sentences are affirmed.

Judgment affirmed.

JAMES J. SWEENEY and SEAN C. GALLAGHER, JJ., concur.