OPINION *Page 2 
{¶ 1} Defendant-appellant Jeff L. Martin appeals the September 20, 2006 Judgment Entry of the Muskingum County Court of Common Pleas denying his motion for judicial release. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On July 2, 2004, Appellant entered a plea of guilty to one count of burglary, a second degree felony, and one count of sexual imposition, a third degree misdemeanor. The trial court deferred sentencing pending a presentence investigation. In exchange for Appellant's plea, the State recommended the trial court impose a four year prison sentence, and agreed not to oppose Appellant's motion for judicial release after two years.
 {¶ 3} On August 10, 2004, the trial court sentenced appellant to four years imprisonment on the burglary charge and sixty days in jail on the sexual imposition charge, to be served concurrently.
 {¶ 4} On February 14, 2005, Appellant filed a motion requesting judicial release. On March 2, 2005, the trial court denied Appellant's motion. On June 3, 2005, Appellant again moved the trial court for judicial release, and on June 15, 2005, the trial court again denied the motion. On May 17, 2006, Appellant requested judicial release for the third time citing the plea agreement entered into with the State, and on May 23, 2006, the trial court, via Judgment Entry, denied the request again. On June 27, 2006, Appellant again moved the trial court for judicial release, and the trial court denied the same on July 6, 2006. On September 5, 2006, Appellant moved the trial court for *Page 3 
judicial release. Via Judgment Entry of September 20, 2006, the trial court denied the motion.
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR JUDICIAL RELEASE PURSUANT TO SECTION 2929.20 OF THE OHIO REVISED CODE, THUS; VIOLATING THE PLEA NEGOTIATIONS BY AND BETWEEN PARTIES AND ACCEPTED BY THE COURT."
 I {¶ 7} In the sole assignment of error Appellant argues the trial court breached the plea agreement entered into with the State in exchange for his change of plea.
 {¶ 8} Initially, we note the doctrine of res judicata bars Appellant from raising this argument on appeal, as he failed to appeal the trial court's initial denial of his motion for judicial release based upon the same argument, when that argument could have been raised on direct appeal. State v. Jennings, Richland App. No. 01CA62, 2001-Ohio-1742.
 {¶ 9} Additionally, the trial court in this matter had discretion to accept or reject the sentencing recommendation made by the prosecutor as part of the plea bargain. City of Akron v. Ragsdale (1978),61 Ohio App.2d 107.
 {¶ 10} At the sentencing hearing, the trial court specifically instructed Appellant:
 {¶ 11} "As to the judicial release to a drug program after two years, I want you to understand, I'm not promising you that today. It will depend on whether you're accepted into that program, and when Mr. Stubbins files for that then you'll be scheduled a visit from the institution, and if they accept you — and evidently the prosecutors have agreed *Page 4 
they're not going to oppose that. That will mean you have a much greater chance you'll get that if there's no opposition from the State.
 {¶ 12} "It will depend on your conduct while you're there and whether you're accepted into the program. If you have a problem, they'll try to fix it.
 {¶ 13} "So, I want you to understand it's not a promise today. It depends on — I will promise you, as I did in the last case, I will take a very good look at it when it comes up."
 {¶ 14} Tr. at p. 12.
 {¶ 15} In addition, the plea agreement signed by appellant specifically states, "I further understand that the Prosecutor's recommendation does not have to be followed by the Court."
 {¶ 16} Based upon the foregoing, Appellant's sole assignment of error is overruled, and the September 20, 2006 Judgment Entry of the Muskingum County Court of Common Pleas denying Appellant's motion for judicial release is affirmed.
 By: Hoffman, P.J. Edwards, J. and Delaney, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's sole assignment of error is overruled, and the September 20, 2006 Judgment Entry of the Muskingum County Court of Common Pleas denying Appellant's motion for judicial release is affirmed. Costs assessed to Appellant. *Page 1