[Cite as *State v. Puckett*, **2012-Ohio-6014.**]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

JOSHUA PUCKETT

      Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. CT2012-0031

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. CR2012-0003 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 19, 2012 |

APPEARANCES:

For Plaintiff-Appellee

ROBERT L. SMITH
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville, Ohio 43701

For Defendant-Appellant

ERIC J. ALLEN
713 South Front Street
Columbus, Ohio 43206

*Wise, J.*

{¶1}  Appellant Joshua Puckett appeals from his convictions, in the Court of Common Pleas, Muskingum County, for breaking and entering, motor vehicle theft, arson, and evidence tampering. The relevant facts leading to this appeal are as follows.

{¶2}  On or about June 27, 2011, appellant and a co-defendant broke into a shed on private property in Zanesville, Ohio and took tools and equipment. They also stole a Ford truck parked on the property, which was later abandoned and set on fire.

{¶3}  On January 6, 2012, appellant was indicted on one count of breaking and entering (a felony of the fifth degree), one count of theft (a misdemeanor of the first degree), one count of arson (a felony of the fourth degree), one count of vandalism (a felony of the fifth degree), one count of theft of a motor vehicle (a felony of the fourth degree), and one count of tampering with evidence (a felony of the third degree). On January 9, 2012, appellant was arrested and taken into custody.

{¶4}  Appellant was thereafter arraigned and was appointed counsel.

{¶5}  On March 20, 2012, appellant entered pleas of guilty to all six counts. Pursuant to a plea agreement executed prior to the plea hearing,  the State agreed to recommend, and appellant agreed to accept, a recommendation that appellant be placed on community control, with restitution orders. The trial court merged count two, theft, with count one, breaking and entering. The court also merged count four, vandalism, with count three, arson. However, the court sentenced appellant to an aggregate term of twenty-four months in prison. This consisted of a prison term of twelve months on count one, twelve months on count three, twelve months on count

five, and twenty-four months on count six, all to be run concurrently. See Sentencing Entry, April 23, 2012.

{¶6} On May 23, 2012, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶7} "I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION IN SENTENCING THE DEFENDANT TO AN AGGREGATE SENTENCE OF TWO YEARS."

{¶8} In his sole Assignment of Error, appellant contends the trial court abused its discretion in sentencing him to two years in prison. We disagree.

{¶9} In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, a plurality opinion, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id*.

{¶10} Furthermore, the decision of whether to implement a plea bargain rests in the sound discretion of the trial court. *State v. Gastaldo*, Tuscarawas App.No. 98AP010006, 1998 WL 667893, citing *Akron vs. Ragsdale* (1978), 61 Ohio App.2d 107, 399 N.E.2d 119, paragraph one of the syllabus. A decision rejecting a plea bargain should be accompanied by the trial court's reasons, absent facts and circumstances otherwise appearing which permit an evaluation of the decision. *Gastaldo*, *supra*, citing *Ragsdale* at paragraph two of the syllabus.

**{¶11}** In the case sub judice, the sentences at issue are all within the statutory ranges for third, fourth, and fifth-degree felonies. *See* R.C. 2929.14(A)(3), (A)(4), and (A)(5). The trial court, in its sentencing entry, stated in pertinent part as follows: "The Court has considered the record, all statements, any victim impact statement, the pre-sentence report prepared, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12." Judgment Entry, April 23, 2012, at 1.

**{¶12}** Upon review, we hold the trial court did not abuse its discretion in sentencing appellant to prison for twenty-four months, despite the joint community control recommendation, as the terms were within the statutory ranges, the trial court considered the purposes and statutory factors for sentencing, and the trial court duly considered the presentence investigation report, any specifics of which are not brought forth in either of the present briefs.

**{¶13}** Appellant's sole Assignment of Error is therefore overruled.

**{¶14}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.
Delaney, P. J., and
Farmer, J., concur.



                                    JUDGES

JWW/d 1129

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO :
:
    Plaintiff-Appellee :
:
-vs- : JUDGMENT ENTRY
:
JOSHUA PUCKETT :
:
    Defendant-Appellant : Case No. CT2012-0031

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES