[Cite as *State v. Powell*, 2014-Ohio-1653.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. CT2013-0045 |
| TYRONE POWELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
                             of Common Pleas, Case No. CR2013-0128


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 16, 2014


APPEARANCES:


For Plaintiff-Appellee          For Defendant-Appellant


D. MICHAEL HADDOX               JOHN D. WEAVER
Muskingum County Prosecutor     542 S. Drexel Ave.
27 N. Fifth St.                 Bexley, Ohio 43209
P.O. Box 189
Zanesville, Ohio 43702

*Hoffman, P.J.*

{¶1} Appellant, Tyrone Powell, was charged with one count of Receiving Stolen Property in violation of R.C. 2913.51(A), a felony of the fourth degree. Appellant entered a guilty plea to the charge and was sentenced to a prison term of ten months.

{¶2} The charge arose from Appellant being in possession of a stolen vehicle.

{¶3} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed Assignments of Error. Appellant did not file a pro se brief alleging any additional Assignments of Error.

{¶4} Counsel for Appellant raises the following potential assignments of error:

I.

{¶5} "DID THE TRIAL COURT COMMIT REVERSIBLE ERROR AT APPELLANT'S GUILTY PLEA?"

II.

{¶6} "DID THE TRIAL COURT COMMIT REVERSIBLE ERROR AT APPELLANT'S SENTENCING?"

{¶7} In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time

to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

I.

**{¶8}** In his first assignment of error, Appellant suggests the trial court did not comply with Crim.R. 11 in accepting Appellant's plea.

**{¶9}** Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant, and makes clear that the trial court shall not accept a guilty plea or no contest without performing these duties. *State v. Holmes,* 5th Dist. No. 09 CA 70, 2010–Ohio–428, ¶ 10. Crim.R. 11(C)(2)(a) states the trial court must determine,

> * * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶10}** "Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Dunham,* 5th Dist. No.2011–CA–121, 2012–Ohio–

2957, ¶ 11 citing *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

{¶11} Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. *[State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' *Id.* Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. **3** *See State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224 at ¶ 19–20." *State v. Alexander*, 2012-Ohio-4843 *appeal not allowed,* 2013-Ohio-902, 134 Ohio St. 3d 1485, 984 N.E.2d 29.

{¶12} A review of the plea hearing reveals the trial court advised Appellant of his constitutional rights, the potential penalties for the offense, and the possibility of post release control.  Further, the trial court inquired as to the voluntariness of Appellant's plea of guilty.  In short, the trial court complied with Crim.R. 11, therefore, this potential assignment of error is found to be without merit.

II.

{¶13} In his second assignment of error, Appellant challenges the sentence imposed by the trial court.  Specifically, Appellant questions whether the trial court erred

in refusing to abide by the sentence recommended by the State as part of the plea agreement.

**{¶14}** "Trial courts are vested with discretion when implementing plea agreements. *State v. Buchanan,* 154 Ohio App.3d 250, 253, 3002-Ohio-4772, citing *Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 399 N.E.2d 119. "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." ' *Buchanan,* 154 Ohio App.3d at 253, 796 N.E.2d 1003, citing *State v. Darmour* (1987), 38 Ohio App.3d 160, 529 N.E.2d 208. See, also, *State v. Mayle,* 11th Dist. No.2002-A-0110, 2004-Ohio-2203 (stating courts are not bound to accept the state's recommended sentence as part of a negotiated plea agreement); *State v. Tucci,* 7th Dist. No. 01CA234, 2002-Ohio-6903 (stating before the court even sentences the defendant, it must ascertain that the defendant understands that it can impose a higher sentence than that recommended by the prosecution and that no one promised him anything less than the maximum sentence)." *State v. Martinez*, 7th Dist. Mahoning No. 03 MA 196, 2004-Ohio-6806.

**{¶15}** Prior to accepting Appellant's plea, the trial court in this case clearly expressed to Appellant the possible sentencing range and further informed Appellant the trial court was not bound to follow the state's sentencing recommendation. For this reason, we find no error in the sentence imposed by the trial court as it was within the range proscribed by statute, and the Appellant was made aware of the possible imposition of a sentence different than the recommended sentence.

{¶16} For these reasons, the second potential assignment of error is overruled.

{¶17} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas.

By: Hoffman, P.J.

Gwin, J. and

Baldwin, J. concur