[Cite as *State v. Inderrieden*, 2022-Ohio-3073.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-112 |
| | : | |
| CULLEN M. INDERRIEDEN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of September, 2022.

. . . . . . . . . . .

MATTHEW C. JOSEPH, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135 and MARY ADELINE R. LEWIS, Atty. Reg. No. 0099711, 100 North Detroit Street, Xenia, Ohio 45385
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Cullen M. Inderrieden appeals from his conviction following a negotiated guilty plea in Miami C.P. No. 2021-CR-112 to aggravated robbery, two counts of felonious assault, and two firearm specifications.

{¶ 2} Inderrieden contends the trial court erred in accepting a plea that was not knowingly, intelligently, and voluntarily entered. Specifically, he claims the trial court erred in not assuring his understanding that it was not obligated to impose a jointly-recommended sentence.

{¶ 3} We find that the trial court advised Inderrieden of the non-binding nature of the parties' recommended sentence. He also reviewed and signed a plea form advising him that the trial court was not bound by the parties' recommendation. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} In exchange for Inderrieden's plea to the above-referenced charges, the State agreed to dismiss a firearm specification. The parties also agreed to jointly recommend consecutive three-year prison terms on the remaining two firearm specifications. On the substantive offenses, the parties agreed to recommend indefinite concurrent sentences with four-year minimum terms. As a result of this portion of the agreement, the recommended minimum sentence was six years on the firearm specifications and a consecutive four years for the substantive offenses. In addition, the parties agreed to recommend a consecutive 11-month sentence for drug possession in Miami C.P. No. 2021-CR-297. Pursuant to the agreement, the recommended aggregate

minimum prison term for both cases was 10 years and 11 months.

{¶ 5} The trial court conducted a Crim.R. 11 plea hearing and accepted Inderrieden's guilty pleas in Case Nos. 2021-CR-112 and 2021-CR-297. At sentencing, the trial court imposed a total of six years on the firearm specifications in Case No. 2021-CR-112. On the substantive offenses, the trial court imposed three indefinite sentences of five to seven and one-half years in prison. Those sentences were concurrent with one another but consecutive to the six-year term for the firearm specifications. The result in Case No. 2021-CR-112 was an aggregate sentence of 11 to 13.5 years in prison. In Case No. 2021-CR-297, the trial court imposed an 11-month prison term for drug possession and made that sentence concurrent to the sentence in Case No. 2021-CR-112. The final result in both cases was an aggregate minimum prison term of 11 years, whereas the parties' plea agreement had recommended an aggregate minimum of 10 years and 11 months. Inderrieden filed a notice of appeal in Case No. 2021-CR-112.[1]

## I. Analysis

{¶ 6} In his sole assignment of error, Inderrieden contends his guilty plea was invalid because the trial court failed to make clear that the parties' sentencing recommendation was not binding on it. Although the trial court's aggregate sentence in the two cases was only one month longer than the parties' recommended minimum term, Inderrienden maintains that the extra month is significant because it impacted his eligibility for judicial release.

---

[1] Although the parties' briefs reference both trial court case numbers, no notice of appeal was filed under Case No. 2021-CR-297. That omission has no impact on our analysis herein.

**{¶ 7}** Regardless of any impact the additional month may have had on judicial release, we see no error in the trial court's imposition of Inderrieden's sentence. "A trial court is not bound to accept the State's recommended sentence in a plea agreement." *State v. Downing*, 2d Dist. Greene No. 2019-CA-72, 2020-Ohio-3984, ¶ 34, citing *Akron v. Ragsdale*, 61 Ohio App.2d 107, 109, 399 N.E.2d 119 (9th Dist.1978). " 'A trial court does not err by imposing a sentence greater than "that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor." ' " (Citations omitted.) *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6.

**{¶ 8}** Here the parties' plea agreement recited the jointly-recommended sentence. That written agreement, which Inderrieden signed, then stated: "However, I understand that the Court is not required to follow the agreement(s) between the parties and is only limited to the penalties as outlined above." The penalties outlined in the agreement included the prison terms authorized by statute. Inderrieden acknowledged in the agreement that he had discussed it with his attorney and that he understood its terms.

**{¶ 9}** In addition, the trial court addressed the parties' sentencing recommendation orally at the plea hearing. The trial court asked: "Do you understand that despite those plea agreements with any recommended sentence the court does not have to accept it but can sentence you under the law?" Inderrieden responded, "Yes." Inderrieden contends this exchange was ambiguous and the trial court's reference to "it" reasonably could have been interpreted to mean the plea agreement, not the recommended

sentence. We disagree. In context, we believe the trial court's statement was clear enough that "it" referred to the recommended sentence. This is particularly true in light of the accompanying written plea agreement, which also stated that the trial court was not bound by the sentencing recommendation.

{¶ 10} In his reply brief, Inderrieden notes that the plea hearing was scheduled hastily after the trial court became aware of the parties' agreement. In fact, Inderrieden appeared for the hearing the same day he learned of it, which was just a week or so before his trial date. Given that the plea hearing quickly was arranged, Inderrieden argues that he did not have time to talk to his attorney. But the record does not bear out this assertion. Before accepting the plea, the trial court specifically assured on the record that Inderrieden had no questions, that he understood everything, and that he did not want additional time to consult with his attorney.

{¶ 11} For the foregoing reasons, Inderrieden has not demonstrated that the trial court erred in accepting a plea that was not knowingly, intelligently, and voluntarily entered.

### III. Conclusion

{¶ 12} The assignment of error is overruled, and the judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Matthew C. Joseph
Jay A. Adams
Mary Adeline R. Lewis
Hon. Stacy M. Wall