[Cite as *State v. Orlando*, 2013-Ohio-2335.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99299**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JONATHAN R. ORLANDO

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-565718 and CR-566722

**BEFORE:** Keough, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 6, 2013

**ATTORNEYS FOR APPELLANT**

Michael J. Goldberg
Scott M. Kuboff
The Goldberg Law Firm
323 Lakeside Avenue, West
450 Lakeside Place
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Katherine Mullin
        T. Allan Regas
Assistant County Prosecutors
1200 Ontario Street
Justice Center - 8th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Jonathan Orlando, appeals his pleas and sentence. For the reasons that follow, we reverse his pleas and remand for further proceedings after Orlando's cases are returned to the docket of the originally-assigned judge.

{¶2} On September 12, 2012, in Cuyahoga C.P. No. CR-565718, Orlando was charged with one count of theft in violation of R.C. 2913.02. Subsequently, on September 25, 2012, he was charged with one count of drug possession in violation of R.C. 2925.11, and possessing criminal tools in violation of R.C. 2923.24.

{¶3} On December 12, 2012, Orlando was deemed eligible for drug court and his cases were administratively transferred to the drug court docket pursuant to Loc.R. 30.2(F) of the Court of Common Pleas of Cuyahoga County, General Division (hereinafter "Loc.R. 30.2(F)"). The following day, Orlando appeared at drug court with the understanding that he would be admitted into the drug court program. After the trial judge stated that Orlando had been assessed eligible, the judge advised him of his Crim.R. 11 rights prior to accepting his guilty pleas to all charges contained in both indictments. Immediately after accepting Orlando's guilty pleas, the trial court summarily determined that Orlando's "attitude throughout the plea, convinced [the court] that he would not be a

good candidate for drug court." The court then imposed a six-month prison sentence on each count, ordering them to run concurrent with each other.

{¶4} Orlando moved to vacate his pleas, arguing that his guilty pleas were made "as a condition to enter into drug court with the belief and understanding that he would be admitted into the drug court following his 'guilty' plea." The trial court denied Orlando's motions to vacate his pleas, to stay the execution of his sentence, and request for appellate bond. In the court's written journal entry denying Orlando's motions to vacate and stay, the court stated:

> As a result of Defendant's conduct and attitude exhibited during the plea colloquy, the Court found it not likely that he would successfully complete the requirements of Drug Court and a sentence of Community Control and proceeded to sentencing.
>
> * * *
>
> Additionally, pursuant to local Rule 30.2(F), the Defendant was deemed eligible to participate in Drug Court prior to his plea by both a record check and on drug assessment. Due to the Defendant's behavior exhibited during the plea colloquy, the Court found him not suitable for a sentence of Community Control and imposed a prison sentence. (Emphasis sic.)

{¶5} Orlando appeals, raising three assignments of error.

{¶6} In his first assignment of error, Orlando contends that the drug court judge lacked jurisdiction to accept his pleas pursuant to Loc.R. 30.2(F) because it was determined that he was ineligible for drug court during the plea colloquy. We find that the drug court judge had jurisdiction over Orlando's case, but violated the local rules when the judge failed to return Orlando's case to the docket of the originally-assigned judge prior to accepting Orlando's plea.

{¶7} Loc.R. 30.2 governs the assignment of criminal cases to drug court dockets. Pursuant to Loc.R. 30.2(E), "drug court will admit defendants at any stage of the criminal process." To be admitted, defendants must first "undergo an assessment with a PreTrial Services admission specialist in the Common Pleas Probation Department." Once Orlando was deemed eligible, his case was transferred to a drug court docket. Pursuant to Loc.R. 30.2(F),

> [w]hen a case is transferred to a Drug Court docket, the assigned Drug Court judge shall acquire full jurisdiction over that transferred case. If a defendant is deemed ineligible for Drug Court prior to their plea, the transferred case shall be returned to the active docket of the originally-assigned judge.

{¶8} In this case and at the plea hearing, the drug court judge first advised Orlando that he was eligible for drug court and then proceeded to advise Orlando of his Crim.R. 11 rights. At some point during the plea colloquy, the judge determined that Orlando was not "suitable" for drug court and community control. Rather than stopping the plea hearing, the trial court continued with the Crim.R. 11 advisements, asked how Orlando wanted to plead, and then accepted his guilty pleas. However, once the decision was made by the judge that Orlando was ineligible for drug court, the judge should have transferred Orlando's cases back to the originally-assigned judge pursuant to Loc.R. 30.2(F). Failure to do so was a violation of the court's local rules.

{¶9} Accordingly, Orlando's first assignment of error is sustained.

{¶10} In his second assignment of error, Orlando contends that he did not enter a knowing, intelligent, and voluntary plea and that the lower court abused its discretion by

not vacating the plea. In addition to the fact that the trial court violated the court's local rules when it accepted Orlando's plea in this matter, we agree that Orlando's plea was not made knowingly, intelligently, or voluntarily, and the trial court abused its discretion in denying Orlando's motion to vacate his plea.

{¶11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her guilty plea." Crim.R. 32.1. The decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶12} Although a presentence motion to withdraw a guilty plea is to be freely and liberally granted, after sentencing, the defendant must show that his motion to withdraw his plea of guilty is to correct a manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). A post-sentence motion to vacate a plea is only permitted in extraordinary cases because the "accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980).

{¶13} In this case, Orlando contends that his pleas should have been vacated because the trial court (1) deviated from the plea agreement, (2) failed to advise him that he was ineligible for drug court, (3) failed to advise him that it could proceed straight to judgment and sentencing; and (4) failed to inquire whether Orlando waived the presence

of his retained counsel and consented to the representation of the public defender.   We

find that any one of these reasons, as they pertain to this case, are sufficient to invalidate

Orlando's plea.

{¶14} The instructive case in this appellate district on a trial court's deviation from

a plea agreement is *State v. Dunbar*, 8th Dist. No. 87317, 2007-Ohio-3261, ¶ 112-115:

> [A] trial court is vested with sound discretion when implementing plea
> agreements.  *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772,
> 796 N.E.2d 1003, ¶ 13, citing *Akron v. Ragsdale*, 61 Ohio App.2d 107, 399
> N.E.2d 119 (1978).   The court is not obligated to follow the negotiated plea
> entered into between the state and the defendant.  *Id.*   However, once the
> court approves the plea agreement, its ability to deviate from it is limited.
> *State v. Allgood*, 9th Dist. Nos. 90CA004903, 90CA004904, 90CA004905,
> and 90CA004907, 1991 Ohio App. LEXIS 2972 (June 19, 1991) * * *
> citing *U.S. v. Holman*, 728 F.2d 809, (6th Cir.1984) certiorari denied, 469
> U.S. 983, 105 S.Ct. 388, 83 L.Ed.2d 323 (1984).
>
> In *Warren v. Cromley* (Jan. 29, 1999), 11th Dist. No. 97-T-0213, 1999 Ohio
> App. LEXIS 206, at *7-8, referring to the trial court's sound discretion on
> whether to accept a negotiated plea, the court stated:
>
> "* * * the law is somewhat less settled in those cases where the trial court
> appears to indicate that it accepts the negotiated plea agreement *before the
> court accepts the defendant's plea*, and then deviates from the
> recommended sentence or terms contained within the plea agreement at the
> time of sentencing.  The analysis in these scenarios turns to due process
> concerns over *whether the accused was put on [notice]* that the trial court
> might deviate from the recommended sentence or other terms of the
> agreement before the accused entered his plea and *whether the accused was
> given an opportunity to change or to withdraw his plea* when he received
> this notice.   See, generally, Katz & Giannelli, Criminal Law (1996)
> 154-155, Section 44.8. n.2"   (Emphasis sic.)
>
> "A trial court does not err by imposing a sentence greater than 'that forming
> the inducement for the defendant to plead guilty when the trial court
> forewarns the defendant of the applicable penalties, including the possibility
> of imposing a greater sentence than that recommended by the prosecutor.'"
> *Buchanan*, supra, at ¶ 13, citing *State v. Darmour* (1987), 38 Ohio App.3d

160, 529 N.E.2d 208 (Eighth District case holding that "no abuse of discretion is present when the trial court forewarns a defendant that it will not consider itself bound by any sentencing agreement and defendant fails to change his plea). * * *.

{¶15} It must first be determined "whether the trial court accepted the plea agreement before it deviated from the recommended sentence, and whether [the defendant] was put on notice that the trial court might deviate from the recommended sentence." *Id.* at ¶ 116, citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Then it must be determined whether the defendant "had a reasonable expectation that the trial court would implement the agreed sentence." *Id.* at ¶ 129.

{¶16} Based on the facts and circumstances of this case, we find that the trial court accepted the plea agreement, and Orlando had a reasonable expectation that he would be placed on community control sanctions in admittance into drug court. Orlando's case was transferred to drug court because he was assessed as eligible. Both the state and Orlando understood that he would be placed into drug court. Moreover, the judge stated that Orlando was eligible immediately prior to advising him of his Crim.R. 11 rights. Accordingly, Orlando had an expectation of participating in drug court and being placed on community control when he entered his pleas of guilty to all charges contained in both indictments.

{¶17} Although the trial court advised Orlando during the course of the plea colloquy that it was "not making [him] any promise of what sentence [it] would impose in making this plea agreement," the court did acknowledge that the plea was an "agreement." Accordingly, when the court decided to deviate from the plea agreement, it

should have advised Orlando of the court's intentions and allowed Orlando to reconsider his plea. *Dunbar* at ¶ 140.

{¶18} Moreover, the trial court is required to substantially comply with Crim.R. 11 when advising a defendant of his nonconstitutional rights. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

> Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show prejudicial effect.

*Nero* at 108, citing *Stewart* at 92-93. The test for prejudice is whether the plea would have otherwise been made. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. Accordingly, Orlando must show that the trial court did not substantially comply with Crim.R. 11 and that he suffered some prejudice from the court's omission

{¶19} At the outset, we note that the trial court failed to comply with Crim.R. 11 by accepting Orlando's plea without his retained counsel present and without making an inquiry whether Orlando consented to another attorney's representation. Applicable to this case, pursuant to Crim.R. 11(C)(1), a trial court shall not accept a defendant's plea unless the defendant has been readvised that he has the right to be represented by retained counsel. While we note that Orlando was not uncounseled at the time of his plea because the public defender was present, the trial court made no effort to inquire as to whether Orlando consented to proceed without his retained attorney. The trial court's failure to

engage in a dialogue as to whether Orlando waived the presence of his retained counsel ignores the requirements of Crim.R. 11(C)(1).

{¶20} This disregard was further exacerbated by the trial court's failure to substantially comply with the nonconstitutional requirements of Crim.R. 11(C)(2)(b). Once the court determined that Orlando was not eligible for drug court and community control sanctions, the court was required to advise Orlando of his ineligibility prior to accepting his plea and that it could proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(b). The court did not make any such advisements. Prejudice to Orlando is obvious, such that his sole reason for pleading guilty was for placement on community control in admittance into drug court — it is clear that his plea would not have otherwise been made. Accordingly, the trial court failed to substantially comply with the nonconstitutional requirements of Crim.R. 11, and Orlando was prejudiced by the court's omission.

{¶21} The state concedes on appeal that Orlando "did have an expectation of community control sanctions for admittance into drug court at the time of the plea." However, the state maintains that the proper remedy is to vacate the sentence imposed by the trial court, not the plea. We disagree; because Orlando's pleas were not made knowingly, intelligently, and voluntarily, the plea must also be vacated.

{¶22} Therefore, it is clear that Orlando's motion to vacate his plea was to correct a manifest injustice, and the trial court's decision denying the motion was an abuse of discretion. Accordingly, Orlando's second assignment of error is sustained. Having

sustained his first two assignments of error and ordering that his plea be vacated, his final assignment of error challenging his sentence is rendered moot.

**{¶23}** Judgment reversed and remanded to the trial court to vacate Orlando's pleas and transfer his cases back to the docket of the originally-assigned judge.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR