[Cite as *State v. Jones*, 2024-Ohio-3308.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113598 |
| v. | : | |
| TYWON JONES, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 29, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670421-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Steven N. Szelagiewicz, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Tywon Jones ("appellant") challenges his conviction and sentence in the Cuyahoga County Court of Common Pleas. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} Appellant was indicted on 29 counts of various sex-related offenses, including rape, gross sexual imposition, sexual battery, endangering children, and disseminating matter harmful to juveniles, stemming from unlawful sexual conduct that he had with three of his own children and a child of his girlfriend.[1] The children were ages six through ten at the time of the incidents, and appellant was accused of touching and raping them orally, digitally, vaginally, and anally.

{¶ 3} Appellant pled guilty to amended charges, consisting of three counts of sexual battery, felonies of the third degree, in violation of R.C. 2907.03(A)(1), and one count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4). The State and appellant offered a joint recommended sentence of seven to ten years.

{¶ 4} At the plea hearing, the State outlined the charges to which appellant would plead and stated that there was an agreed recommended sentence of seven to ten years. The State acknowledged that the court did not have to follow the recommendation and noted the potential for a maximum sentence of 20 years. Appellant's trial counsel stated that he had explained to appellant "the statutory penalties associated with the counts in the indictment as well as the reduced counts" that were being offered to appellant.

---

[1] Appellant's girlfriend, Deonna Daniels, was a codefendant in the case and pled guilty to one count of endangering children, a felony of the third degree, in violation of R.C. 2919.22(A).

{¶ 5} The court noted that appellant was pleading to four high-tier felonies and advised him of the maximum penalties for the charges he was facing. The court specifically informed appellant that it could sentence him concurrently or consecutively on the four counts and that his maximum exposure for prison time was 20 years. Appellant indicated that he understood.

{¶ 6} At the conclusion of the advisements, the court asked counsel for the State and appellant whether it had complied with Crim.R. 11; both counsel indicated that it had. The court also inquired of appellant whether he was satisfied with his counsel and whether there was anything about his case or the proceedings that he did not understand. He indicated that he was satisfied with his attorney and that there was nothing that he did not understand. He then proceeded to enter guilty pleas to the amended charges.

{¶ 7} At the sentencing hearing, appellant's counsel urged the court to impose a sentence in the agreed-upon seven to ten years range, specifically requesting seven years. When asked if he wanted to say anything to the court, appellant stated, "My lawyer said everything for me, Your Honor. He spoke enough for me, Your Honor." The State recommended a sentence of ten years.

{¶ 8} The trial court sentenced appellant to four years on each count, to run consecutively for a total of 16 years. The court stated:

> [T]his Court does not condonance [sic] these types of crimes with children or anyone, really, but your children is even more heinous to the Court. And the Court notes that you are 30, which means that you have plenty of time to recommit this crime with other children or even adults, as you get older.

And this Court does not believe that any sentence on one count would — I think it would seriously demean. Your injury, of course, to the children is exacerbated by their physical age. Your relationship with the victims facilitated the offense, and you are a parent or other custodian or a household member. And it was committed, according to the statements, in the vicinity of one or more children other than the victim.

So this Court finds that recidivism is more likely and that your conduct is more serious. And the Court is going to run these sentences consecutive, as I believe your recommendation of seven to ten years contemplates that. And I'm sure that was part of the great reduction on these counts that you were able to negotiate for.

{¶ 9} The court further noted that no one sentence would be adequate and that the sentences were necessary to protect the public from future crime. The court also stated that appellant's history of criminal conduct as a juvenile was factored into the sentence and that a prison term of 16 years was not disproportionate to appellant's conduct in this case.

{¶ 10} Appellant then filed the instant appeal, raising three assignments of error for our review:

1. The trial court committed structural error and plain error when it violated appellant's Sixth Amendment right to be present at every stage of the trial court proceedings.

2. The trial court failed to strictly or substantially comply with Crim.R. 11 by not ascertaining that appellant understood that the trial court could sentence him in excess of the seven to ten years in prison jointly recommended by the parties.

3. The trial court's consecutive sentencing of appellant was in error as a result of not making the required findings to justify such a sentencing, and further, even if the proper findings had been made, they were clearly and convincingly not supported by the record.

## II. Law and Analysis

{¶ 11} In his first assignment of error, appellant argues that the trial court violated his right to be present at every stage of the trial court proceedings. Specifically, appellant appears to contend that he had a right to be present at the sentencing hearing of his codefendant. He bases this assertion on the court's reference at appellant's sentencing hearing to statements that had been made at the codefendant's sentencing hearing.

{¶ 12} "The Confrontation Clause of the Sixth Amendment of the United States Constitution guarantees a defendant's right to be present in the courtroom at every stage of the trial." *State v. Boynton*, 2018-Ohio-4429, ¶ 34 (8th Dist.), citing *Illinois v. Allen*, 397 U.S. 337, 343 (1970). *See also* Ohio Constitution, article I, § 10; Crim.R. 43. We acknowledge that appellant has a right to be present at his own proceedings; however, appellant has cited no authority for the proposition that he has a right to be present at a *codefendant's* proceedings. To the extent that appellant is arguing that the trial court erred in considering evidence outside of his sentencing hearing, we find that argument lacks merit.

{¶ 13} This court has addressed a similar situation in *State v. Wagner*, 2023-Ohio-1215 (8th Dist.), where Wagner claimed that he was prejudiced because the trial court referenced evidence and testimony from his codefendant's trial at Wagner's sentencing. This court found that Wagner was not prejudiced because "[t]he trial court had an independent basis for issuing its sentence through the

record and information provided by the prosecutor." *Id*. at ¶ 38. The *Wagner* Court further noted:

> We are mindful that in a case like this where there are multiple codefendants, the likelihood of the trial court hearing evidence outside of the record in one or more of the cases is heightened. Nevertheless, this evidence was not extraneous to the court's required considerations, nor can we find that the evidence affected the outcome of the proceedings.

{¶ 14} In the instant matter, appellant has not demonstrated that he had a right to be present at his codefendant's sentencing. Further, he has not demonstrated that he was prejudiced by the court's consideration of statements made by the codefendant at her sentencing hearing. Appellant's first assignment of error is overruled.

{¶ 15} In his second assignment of error, appellant argues that the trial court did not comply with Crim.R. 11 by failing to advise appellant that the court retained the discretion to sentence him in excess of the joint recommendation of seven to ten years.

{¶ 16} Crim.R. 11 requires that the defendant be fully aware of the potential consequences of his plea. "'Where a sentence recommendation is an integral part of a plea agreement, the failure to inform the defendant of potential changes may result in a plea that was not entered into knowingly, voluntarily, or intelligently.'" *State v. Dunbar*, 2007-Ohio-3261, ¶ 139 (8th Dist.), quoting *State v. Allgood*, 1991 Ohio App. LEXIS 2972, *9 (9th Dist. June 19, 1991).

{¶ 17} "'A trial court is vested with sound discretion when implementing plea agreements.'" *State v. Orlando*, 2013-Ohio-2335, ¶ 14 (8th Dist.), quoting *Dunbar* at ¶ 112. And the court is not obligated to follow the negotiated plea entered into between the state and the defendant. *Id.* "However, before the trial court imposes a longer prison sentence than what is recommended in the plea agreement, due process requires the trial court to put the defendant on notice of that possibility before accepting the guilty plea." *State v. Williams*, 2017-Ohio-2662, ¶ 4 (8th Dist.).

{¶ 18} "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *State v. Buchanan*, 2003-Ohio-4772, ¶ 13 (5th Dist.), quoting *State v. Darmour*, 38 Ohio App.3d 160 (8th Dist. 1987), syllabus (finding no abuse of discretion when the trial court forewarns a defendant that it will not consider itself bound by any sentencing agreement and defendant fails to change his plea after being advised); *State v. Tucci*, 2002-Ohio-6903 (7th Dist.) (before the court sentences the defendant, it must ascertain that the defendant understands that it can impose a higher sentence than that recommended by the prosecution and that no one promised him anything less than the maximum sentence).

{¶ 19} In the instant matter, the court stated to appellant several times that he was facing a maximum sentence of 20 years. We must note that appellant does not argue that his plea was not knowing, voluntary, and intelligent because he

believed that he would receive the joint, recommended sentence of seven to ten years. *Compare State v. Jordan*, 2024-Ohio-2361 (8th Dist.) (appellant's challenge to the voluntariness of his plea was meritorious where appellant specifically argued and established that he believed, based on the plea colloquy, that he would receive the agreed, recommended sentence). Accordingly, we find that the trial court did not err in imposing a sentence greater than the joint recommended sentence. Appellant's second assignment of error is overruled.

{¶ 20} Appellant's third assignment of error argues that the trial court failed to make the required findings to justify consecutives sentences and that, even if they were, such findings were not supported by the record.

{¶ 21} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 22} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender; (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} Appellant does not specifically state which finding the trial court failed to make. As set forth above, the court stated that consecutive sentences were necessary to protect the public from future crime and to punish the offender and that the sentences would not be disproportionate to the seriousness of the conduct. The court further found that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

{¶ 24} Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to

[recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), quoting *Bonnell* at ¶ 37.

{¶ 25} After reviewing the record, we find that the trial court properly made all required findings under R.C. 2929.14(C)(4) to support the imposition of consecutive sentences. The record reflects that the trial court did not specifically state that consecutive sentences would not be disproportionate to the danger appellant poses to the public; however, when viewed in their entirety, the trial court's statements on the record clearly indicate that the trial court considered proportionality with regard to both the seriousness of appellant's conduct and the danger he posed to the public. *State v. Blevins*, 2017-Ohio-4444, ¶ 23 (8th Dist.); *see also State v. Hollis*, 2020-Ohio-5258, ¶ 23 (8th Dist.) ("[T]he trial court's statements during the sentencing hearing, when viewed in their entirety, clearly indicate that the trial court considered proportionality[.]").

{¶ 26} Appellant further contends that the record does not support the trial court's finding that consecutive sentences were necessary to protect the public from future crime or to punish the offender. He alarmingly asserts that there is no indication that the public needed protection from appellant since the offenses of which he was convicted were all against children in his own home. In addition, he argues that there was no indication of any threats against any victims or others and that he did not try to violate the no-contact order. Finally, he states that there was no evidence presented as to the level of harm done to the child victims.

{¶ 27} At the sentencing hearing, the trial court noted that the ages of the four victims in this matter ranged from six to ten years at the time that appellant committed the offenses against them. In justifying the imposition of consecutive sentences, the court noted:

> Your injury, of course, to the children is exacerbated by their physical age. Your relationship with the victims facilitated the offense, and you are a parent or other custodian or a household member. And it was committed, according to the statements, in the vicinity of one or more children other than the victim.

> So this Court finds that recidivism is more likely and that your conduct is more serious . . . .

{¶ 28} The court also referenced appellant's age of 30 years old at the time of sentencing and its concern that he would have "plenty of time to recommit this crime with other children or even adults, as [he got] older."

{¶ 29} We cannot clearly and convincingly conclude that the record does not support the trial court's R.C. 2929.14(C)(4) findings. Appellant's third assignment of error is overruled.

## III. Conclusion

{¶ 30} Appellant's Sixth Amendment rights were not violated by his absence at his codefendant's sentencing. In addition, the trial court did not err in imposing a sentence greater than the jointly recommended sentence.

{¶ 31} Further, the trial court made the requisite findings during the sentencing hearing under R.C. 2929.14(C)(4), and the findings are clearly and

convincingly supported by the record.  The imposition of consecutive sentences was not contrary to law.

{¶ 32} All of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EMANUELLA D. GROVES, J., CONCUR